UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

MICHAEL J. HUMMEL,

   Plaintiff,

v.

              Case No.: _____

DAVID W. HALL, t/a        **JURY TRIAL DEMANDED**
COUNTRY MOTOR SALES,

   Defendant.

**SERVE:**
David W. Hall
3203 Suburban Road
Lynchburg, Virginia 24501

## COMPLAINT

### INTRODUCTION

  Plaintiff, Mr. Michael Hummel, by counsel, brings this action for damages to redress the violations of law by a car dealer done during the sale of an automobile. The violations of law occurred when Defendant, David Hall t/a Country Motor Sales (hereinafter "Country Motor Sales") sold a vehicle to Mr. Hummel without disclosing the interest rate, finance charge, payment schedule or other required disclosures. Country Motor Sales also did not obtain an agreement to finance the vehicle, establish a security interest in the vehicle purchased or reach an agreement with Mr. Hummel on an interest rate.

  This Complaint is filed and these proceedings are instituted under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* for statutory damages, actual damages, attorney's fees and costs because of the Defendant's violations of this federal consumer protection statute. Mr. Hummel also

1

brings a claim for violation of the Commonwealth of Virginia's usury law and requests declaratory judgment that Country Motor Sales did not comply with the requirements of Article 9 of the UCC and does not have a security interest in the vehicle Mr. Hummel purchased, Va. Code Ann. Section 8.9A-101, *et. seq.* ("UCC") and injunctive relief that Defendant release any purported lien on the vehicle purchased by Mr. Hummel.

## PARTIES

1. Plaintiff, Mr. Michael J. Hummel, is a natural person and resident of Campbell County, Virginia.
2. Defendant conducts the business of selling automobiles at 3203 Suburban Road, Lynchburg, Virginia 24501. David Hall also owns and operates B&D Auto Sales in Altavista, Virginia.
3. At all times relevant hereto, in the ordinary course of business, Defendant regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which is payable in more than four installments; and the debt is initially payable to Defendant, making it a creditor within the meaning of the TILA, 15 U.S.C. § 1602(f) (2011) and 12 C.F.R. ("Reg. Z") § 226.2(a)(17) (2011).
4. Defendant imposed and Mr. Hummel paid a finance charge in the form of interest.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1640(e) (2011) and 28 U.S.C. § 1331 (2011).
6. This Court has supplemental jurisdiction over Mr. Hummel's state law claims pursuant to 28 U.S.C § 1367(a) (2011).
7. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 (2011).
8. Venue is proper in the Western District of Virginia, Lynchburg Division under 28 U.S.C. § 1391(b) (2011).

## FACTS

9. Mr. Hummel is a forty-six (46) year old disabled individual receiving a Social Security payment each month.

10. Mr. Hummel purchased and financed a 1991 Honda Accord from Country Motor Sales on or about July 2010.

11. In August 2010, the 1991 Honda Accord broke down.

12. Mr. Hummel contacted David Hall to discuss the fact his vehicle broke down and was told that there was a 1992 Honda Accord that he could purchase.

13. The 1991 Honda was towed back to Country Motor Sales.

14. The 1992 Honda Accord, VIN 1HGCB7652NL001838 ("the vehicle") was at Mr. Hall's home.

15. Mr. Hummel went to look at the vehicle on or about September 6, 2010 and on that date signed DMV documentation with Mr. Hall's wife and transferred the tags to the vehicle.

16. Mr. Hummel took possession of the vehicle on or about September 6, 2010.

17. Mr. Hummel went to Country Motor Sales on September 10, 2010 to sign the paperwork for the vehicle.

18. Mr. Hummel was at Country Motor Sales for approximately thirty minutes and spoke with Mr. Hall.

19. Mr. Hummel signed a contract, a Buyer's Order, for the purchase of the vehicle, attached as **Exhibit A,** which is incorporated in full as if recited herein.

20. The base price of the vehicle was $3400 with a $500 allowance for the trade-in.

21. Mr. Hummel owed $1600 on the 1991 Honda, which he used as a trade-in, and the amount owed was added into the cash price of the vehicle.

22. The vehicle price, including the payoff of the previous balance owed, totaled $4500.

23. No other documentation for purchase or financing was presented to Mr. Hummel or signed by him.

24. The parties did not agree on an interest rate to be imposed for the purchase of the vehicle.
25. Mr. Hummel made a payment on October 1, 2010 of $250 for the car payment and $151 for DMV fees.
26. Mr. Hummel thereafter began making payments in the amount of $250 per month, as the parties discussed.
27. Upon information and belief Country Motor Sales retained the title to the vehicle and put a lien on the title with the Virginia Department of Motor Vehicles ("DMV").
28. Upon viewing the receipts that he received from Country Motor Sales, Mr. Hummel was surprised to see the total balance owed was nearly six thousand dollars ($6,000.00) because the total price on the Buyer's Order was only four thousand five hundred dollars ($4500.00).
29. Mr. Hummel began inquiring into the reason for the high balance on the purchase price.
30. On or about December 2, 2010 Mr. Hummel went to Country Motor Sales to get copies of the paperwork regarding the sale at which time Mr. Hall gave Mr. Hummel the yellow carbon copy of the retail installment sales contract ("RISC").
31. The RISC has only the signature of David W. Hall and a date of September 10, 2010.
32. Mr. Hummel did not at any time prior to December 2, 2010 see the RISC.
33. Mr. Hummel did not sign the RISC or any financing paperwork for the vehicle.
34. Country Motor Sales did charge and continues to charge 28% annual interest on the purchase of the vehicle.
35. As of April 2011, Mr. Hummel has paid $1750.00 in monthly payments to Defendant.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION
### Truth in Lending Act
### Failure of Disclosures

36. Paragraphs 1 - 35 are incorporated as if set forth fully herein.

37. Title 15 U.S.C. § 1638 requires that specific disclosures be provided to the consumer in a credit plan.  15 U.S.C. § 1638(a) (2011); Reg. Z § 226.18 (2011).

38. The disclosures must be made <u>before</u> the extension of credit, in writing and in a form the consumer may keep.  15 U.S.C. § 1638(b); Reg. Z § 226.17(a)-(b) (2011).

39. TILA requires disclosure, among other things, the finance charge, amount financed, annual percentage rate, total of payments, late fee and the payment schedule.  15 U.S.C. § 1638(a); Reg. Z § 226.18 (2011).

40. Mr. Hummel was not provided any disclosures as required under TILA and did not even see the terms of the credit imposed until nearly three months after the purchase of the vehicle when he went to Country Motor Sales and asked for the documents regarding the sale.

41. The failure to disclose terms as required by the TILA entitle Mr. Hummel to actual and statutory damages and attorney's fees and costs.  15 U.S.C. § 1640(a) (2011).

## SECOND CAUSE OF ACTION
### Usury

42. Paragraphs 1 - 41 are incorporated as if set forth fully herein.

43. Twelve percent (12%) annual interest is the limit of the rate that can be charged in a contract, unless the lender meets a statutory exception.  Va. Code Ann. § 6.2-303 (Michie 2010).

44. One statutory exception is the sale of goods or services pursuant to a closed-end installment credit plan in which the parties have agreed to the rate or rates of the finance charge to be imposed. Va. Code Ann. § 6.2-311 (Michie 2010).

45. There was no agreement between the buyer and seller for the "rate or rates" that may be imposed. Va. Code Ann. § 6.2-311 (Michie 2010).

46. Country Motor Sales and Mr. Hummel did not execute a contract of any kind to agree to payment of interest. See Va. Code Ann. § 6.2-303 (Michie 2010).

47. The unsigned retail installment sales contract lists an annual interest rate of twenty eight percent (28%) and is the finance charge imposed by Defendant.

48. Country Motor Sales' imposition of a twenty eight percent (28%) interest rate without a contract or agreement is usurious and entitles Mr. Hummel to the total amount of excess interest paid, twice the total amount of interest paid in the preceding two years and court costs and reasonable attorney's fees. See Va. Code Ann. § 6.2-305 (Michie 2010).

## THIRD CAUSE OF ACTION
### Declaratory Judgment that Defendants have No Security Interest in the Vehicle and Injunctive Relief that Defendant Release Any Lien

49. Paragraphs 1 – 48 are incorporated as if set forth fully herein.

50. The steps for establishing an enforceable security interest are: value given, that the debtor has rights in collateral and the debtor has "authenticated a security agreement" that provides a description of the collateral. Va. Code Ann. § 8.9A-203(b)(1)-(3) (Michie Supp. 2010).

51. The UCC defines "security agreement" as an agreement that creates or provides for a security interest. Va. Code Ann. § 8.9A-102(a)(73) (Michie Supp. 2010).

52. The UCC defines "authenticate" simply as "to sign." Va. Code. Ann. § 8.9A-102(a)(7)(A) (Michie Supp. 2010).

53. Mr. Hummel did not authenticate a security agreement.

54. Without an authenticated security agreement, Country Motor Sales wrongfully noted a lien on the title to the vehicle with DMV.

55. Country Motor Sales' failure to comply with UCC renders the sale an unsecured transaction with no valid or enforceable security interest.

56. Mr. Hummel seeks an injunction that Defendant release the purported lien on the vehicle because Mr. Hummel has no adequate remedy at law to remove the wrongful lien and will be irreparably harmed if the lien remains on the title to the vehicle.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Michael J. Hummel, by counsel, prays that this Court:

1. Assume jurisdiction of this case;

2. Award him statutory damages in the amount of twice the finance charge, capped at two thousand dollars ($2,000.00), in accordance with the Truth in Lending Act, 15 U.S.C. § 1640(a)(2)(A) for Country Motor Sales' failures of disclosure requirements; alternatively, award the statutory damages in the form of an off-set of any balance currently owed to Defendant;

3. Declare the loan usurious and award interest paid in excess of that permitted, statutory damages of twice the total of the interest collected in the previous two years, costs and reasonable attorney's fees as provided by Virginia Code Annotated Section 6.2-305; alternatively, award damages in the form of an off-set of any balance currently owed to Defendant;

4. Declare that Country Motor Sales does not have a security interest in the vehicle Mr. Hummel purchased and that any lien noted on the title to the vehicle is invalid and void and Order Defendant to release the any such lien on the vehicle;

5. Declare the amount outstanding, if any, that Mr. Hummel owes to Defendant for the purchase of the motor vehicle;

6. Award costs and actual damages under the Truth in Lending Act and usury laws;

7. Award reasonable attorney's fees to counsel for Plaintiff; and

8. Award such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mr. Hummel demands a trial by jury.

Respectfully submitted,

MICHAEL J. HUMMEL

By Counsel

   /s/ Jeremy P. White
Jeremy P. White, Esquire
Virginia Legal Aid Society, Inc.
PO Box 6200
513 Church Street
Lynchburg, VA 24505
Phone: 434.846.1326
Fax:    434.846.3826
SBN:   48917
jeremyw@vlas.org
Counsel for the Plaintiff