CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUL 18 2012

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| MICHAEL J. HUMMEL,<br>*Plaintiff,*<br><br>v.<br><br>DAVID W. HALL, T/A COUNTRY MOTOR SALES,<br>*Defendant.* | CASE NO. 6:11-cv-00012<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |
|---|---|

This matter is before the Court on Plaintiff Michael Hummel's motion for costs and attorney's fees pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Rule 54 of the Local Rules for the United States District Court for the Western District of Virginia. For the reasons that follow, I will grant Plaintiff's motion.

## I. PROCEDURAL HISTORY

On May 2, 2011, Plaintiff filed his complaint, asserting a variety of claims against Defendant David Hall, all of which related to Defendant's sale of a vehicle to Plaintiff. On July 6, 2011, Defendant was personally served with the summons at his business, Country Motor Sales, which is a used car dealership in Lynchburg, Virginia. The summons warned Defendant that if he did not respond to the complaint's allegations within twenty-one days, judgment by default would be entered against him for the relief demanded by Plaintiff in the complaint.

After failing to appear, plead, or otherwise defend against the action, Defendant's default was entered by the Clerk of the Court on August 31, 2011. A certified copy of the Clerk's entry of default was mailed to Defendant. Subsequently, on March 13, 2012, Plaintiff filed a motion

for default judgment and mailed a copy to Defendant. Defendant did not respond to the motion, and he did not appear at the hearing I conducted on Plaintiff's motion on May 24, 2012. In a memorandum opinion and order dated June 19, 2012, I granted Plaintiff's motion for default judgment and, along with injunctive relief, awarded Plaintiff damages in the amount of $2,106.44.[1] Plaintiff filed the instant motion for costs and attorney's fees on July 2, 2012. To date, Defendant has still not entered an appearance in this matter and has not responded to Plaintiff's motion.

## II. LEGAL STANDARD

Under the so-called American rule, the parties to civil litigation ordinarily bear their own attorney's fees and costs, unless there is explicit statutory authority to the contrary. *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 602 (2001). Such an exception is provided for in the Truth in Lending Act ("TILA"), which states that "in the case of any successful action to enforce the foregoing liability," the creditor is liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1640(a)(3). Similarly, Virginia usury law permits a successful plaintiff to recover court costs and reasonable attorney's fees. *See* Va. Code § 6.2-305.

## III. DISCUSSION

With respect to costs, there is no doubt that Plaintiff is entitled to be reimbursed by Defendant for them. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the

---

[1] This total damages figure represented the combined sum of Plaintiff's recovery under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and Virginia usury law.

prevailing party."). Accordingly, Plaintiff shall be awarded the $50.00 he seeks in costs. And because Plaintiff successfully recovered damages on both his TILA and Virginia usury law claims, he is entitled to reasonable attorney's fees as well. However, before entering an order granting Plaintiff attorney's fees, I must briefly examine the reasonableness of the amount of fees Plaintiff seeks—$9,786.05—and his accounting for such an award.

When, as here, statutes expressly authorize awards of attorney's fees, the United States Court of Appeals for the Fourth Circuit has adopted the lodestar method of determining the reasonableness of such fees. *See Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998). In the Fourth Circuit, the lodestar figure is calculated by multiplying the number of reasonable hours expended by a reasonable rate, using the following factors to determine the reasonable rate:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*E.E.O.C. v. Serv. News Co.*, 898 F.2d 958, 965 (4th Cir. 1990) (quoting *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)).[2] These factors are often referred to as the "*Johnson* factors" because the Fourth Circuit adopted them from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Barber*, 577 F.2d at 226. In *Perdue v. Kenny*

---

[2] The reasonable hourly rate for lodestar purposes is a "market rate." A market rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). For purposes of determining the market rate, it is irrelevant whether, as is the case here, the attorney works for a legal services corporation. *See id.* at 894–95; *Villalobos v. Vasquez-Campbell*, No. EP-89-CA-27, 1991 WL 311902, at *8 (W.D. Tex. Nov. 15, 1991) (stating that an attorney's "hourly rate should be determined in light of the customary fee for similar work in the community," and that "[a] court should not decrease the attorneys' fee recovery, nor alter the method of calculating the amount of recovery when the plaintiffs are represented by a . . . legal aid office") (citations omitted).

3

*A.*, 130 S. Ct. 1662, 1673 (2010), the Supreme Court of the United States noted that the lodestar figure is presumptively reasonable.[3] Although *Perdue* involved fees sought pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, the Supreme Court had indicated that the lodestar method is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983).

Plaintiff's counsel has submitted affidavits and time records documenting that the requested fees are reasonable under the circumstances of this case.[4] Moreover, in an exercise of billing discretion, Plaintiff's counsel has discounted the lodestar amount of attorney's fees, which he calculates to be $11,513.00, by 15% to account for any excessive or non-compensable activities that may have inadvertently been built into the number of hours expended on this particular representation. Thus, Plaintiff has submitted sufficient evidence to establish that, under the above-cited *Johnson* factors, he is entitled to an award of attorney's fees in the amount of the lodestar with a 15% discount as previously mentioned. I pause to acknowledge the fact that the attorney's fees requested by Plaintiff are nearly five times greater than the total amount of damages that I awarded. However, given Defendant's default and the complexity of the issue of first impression presented by this case at the default judgment stage, and considering that the attorney's fees are provided for by the applicable federal and Virginia statutes as an incentive

---

[3] In *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1672 (2010), the Supreme Court of the United States described the lodestar method as an alternative to the *Johnson* method. "However, the *Johnson factors*, as opposed to the *Johnson method*, are still relevant in informing the court's determination of a reasonable fee and a reasonable hourly rate." *Jin v. Pac. Buffet House, Inc.*, No. 06-CV-579, 2010 WL 2653334, at *2 n.2 (E.D.N.Y. June 25, 2010) (citation omitted). Thus, the Supreme Court's opinion in *Perdue* "cautions against using a strict *Johnson* approach as the primary basis for determining reasonable attorneys' fees, but nowhere calls into question the idea of using relevant *Johnson* factors in helping to come to a reasonable fee." *Id.*

[4] Plaintiff's counsel claims to have expended 39.7 hours at an hourly market rate of $290.00, which, on the basis of the affidavits he has submitted, I find to be a reasonable and prevailing market rate for this attorney in Lynchburg, Virginia. Further, in light of the complexity of the novel TILA issue presented by this case, I conclude that 39.7 hours was a reasonable amount of time to have spent working on this matter. Finally, I note that, because Plaintiff prevailed on all of his claims, I need not parse the billing records submitted by Plaintiff's counsel to determine how many hours were reasonably expended on each of those claims.

(because, if attorney's fees were not awarded, cases such as the instant matter would typically not be brought), I find that the fees are reasonable.[5]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees and costs shall be granted. An order will issue awarding Plaintiff costs in the amount of $50.00 and attorney's fees in the amount of $9,786.05.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record. Additionally, to the extent that it is possible, the Clerk of the Court is hereby directed to send certified copies of these documents to Defendant.

Entered this 18th day of July, 2012.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[5] For the purpose of drawing an analogy, I observe that the Supreme Court has held, in the context of a constitutional tort action brought pursuant to 42 U.S.C. § 1983, that

> [t]he amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded under § 1988. It is, however, only one of many factors that a court should consider in calculating an award of attorney's fees. We reject the proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers.

*City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986). The same logic applies in the context of consumer credit protection cases where, as in the context of § 1983 cases, "a rule of proportionality would make it difficult, if not impossible, for individuals with meritorious . . . claims but relatively small potential damages to obtain redress from the courts." *Id.* at 578; *see also Croy v. E. Hall & Assocs., P.L.L.C.*, No. 5:06-cv-00107, 2007 WL 676698, at *3 (W.D. Va. Mar. 2, 2007) ("In consumer protection cases such as this, where the monetary value of the case is typically low, requiring direct proportionality for attorney's fees would discourage vigorous enforcement of consumer protection statutes.").