IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| MICHAEL J. HUMMEL, *Plaintiff*, | CASE NO. 6:11-cv-00012 |
| v. | MEMORANDUM OPINION |
| DAVID W. HALL, T/A COUNTRY MOTOR SALES, *Defendant*. | JUDGE NORMAN K. MOON |

This matter is before the Court on a motion to set aside default judgment filed by David Hall ("Defendant").[1] In his motion, Defendant contends that he "never got a letter, certified letter, or subpoena to appear in court for this matter." Thus, Defendant maintains, he had "no knowledge of the court proceedings or any time to get [a] lawyer." Accordingly, Defendant asks me to "abate" the default judgment that I entered in favor of Michael Hummel ("Plaintiff") on June 19, 2012. After reviewing the briefs filed by the parties,[2] and for the reasons that follow, I will deny Defendant's motion.

I. PROCEDURAL HISTORY

On May 2, 2011, Plaintiff filed his complaint, asserting a variety of claims against Defendant, all of which related to Defendant's sale of a vehicle to Plaintiff. On July 6, 2011, Defendant was personally served with the summons at his business, Country Motor Sales, which

---

[1] On or about July 18, 2012, I received a letter sent from Defendant to my attention. I subsequently construed the letter as a *pro se* motion to set aside default judgment pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Defendant purportedly first sent the letter by regular mail on June 11, 2012, and then apparently re-sent it by certified mail on July 13, 2012. The letter represents Defendant's first appearance in this matter.

[2] In an order entered on August 6, 2012, I instructed Defendant to file a reply brief, responding to Plaintiff's opposition brief, on or before September 4, 2012. Defendant declined to do so.

is a used car dealership in Lynchburg, Virginia. The summons explicitly warned Defendant that, if he did not respond to the complaint's allegations within twenty-one days, judgment by default would be entered against him for the relief demanded by Plaintiff in the complaint. Defendant failed to comply with this directive, and no answer or responsive pleading has been filed to date.

At an unstated point in time after Plaintiff filed his complaint, the parties evidently began discussing a potential settlement of Plaintiff's claims. On July 15, 2011, counsel for Plaintiff faxed and emailed a copy of a settlement offer to Defendant. In the letter, Plaintiff's counsel made it abundantly clear that the offer would only remain open for seven days. Although the precise order of events that followed is unclear, it appears that Defendant declined to accept Plaintiff's offer, and instead submitted a counteroffer on August 1, 2011. However, on August 8, 2011, Plaintiff rejected Defendant's counteroffer.

After failing to appear, plead, or otherwise defend against the action, Defendant's default was entered by the Clerk of the Court on August 31, 2011. A certified copy of the Clerk's entry of default was mailed to Defendant at the address for Country Motor Sales, which Defendant has since indicated to the Court is his preferred address for receiving correspondence sent in connection with this matter. At some unspecified point after the entry of default, Defendant renewed his efforts to reach a settlement of the matter. On September 16, 2011, Plaintiff's counsel emailed Defendant to express his opinion that a reasonable offer had been extended, but rejected. Counsel for Plaintiff added: "As you saw from the most recent notice to you, the clerk has noted the default on your part. If settlement is [sic] cannot be reached, I will need to move the court for Default Judgment on [Plaintiff]'s claims. Please let me know your position on potential terms of settlement." However, the parties did not reach a settlement.

2

On March 13, 2012, Plaintiff filed a motion for default judgment and mailed a copy to Defendant at the same address to which all correspondence had previously been sent. Defendant did not respond to the motion, and he did not appear at the hearing I conducted on Plaintiff's motion on May 24, 2012, despite the fact that Plaintiff's counsel sent him a notice describing the date of the hearing, the time at which it would take place, and where it would occur. In a memorandum opinion and order dated June 19, 2012, I granted Plaintiff's motion for default judgment and, along with injunctive relief, awarded Plaintiff damages in the amount of $2,106.44. Thereafter, Plaintiff filed a motion for costs and attorney's fees on July 2, 2012. Before receiving the letter from Defendant that I have since construed as a motion to set aside default judgment, I granted Plaintiff's motion and awarded him costs and attorney's fees on July 18, 2012.[3]

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a "court . . . may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) sets forth six grounds pursuant to which a court may relieve a party from a final judgment.[4] However, in order to obtain relief under Rule 60(b), the moving party must cross an "initial threshold," *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993), which requires him to show "that his motion is

---

[3] For a restatement of the relevant factual background of this case, see *Hummel v. Hall*, --- F. Supp. 2d ---, No. 6:11-CV-00012, 2012 WL 2335950, at *1–2 (W.D. Va. June 19, 2012).

[4] The six grounds for relief are:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged . . . ; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

3

timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside," *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987).

"When making a motion under Rule 60(b), the party moving for relief must clearly establish the grounds therefor [sic] to the satisfaction of the district court . . . and such grounds must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations and internal quotation marks omitted). Rule 60(b) does not provide parties with an opportunity to pursue issues not previously litigated, and it is not a mechanism for the relitigation of issues unfavorably decided. *See CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995). At bottom, relief under Rule 60(b) is an "extraordinary remedy" that "is only to be granted in exceptional circumstances." *Wilson v. Thompson*, 138 F. App'x 556, 557 (4th Cir. 2005) (citing *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979)).

### III. DISCUSSION

### A. Threshold Inquiry

At the outset, I find that Defendant has plainly met the timeliness element that represents the first prong of the three-part threshold test articulated by the United States Court of Appeals for the Fourth Circuit. As previously described, I entered default judgment against Defendant on June 19, 2012, and he subsequently moved to have it set aside approximately one month later. A motion made under Rule 60(b) must be made "within a reasonable time," and, for certain of the permissible grounds for relief listed under that subsection, "no more than a year after the entry of the judgment . . . ." Fed. R. Civ. P. 60(c)(1). The fact that Defendant filed his motion within a few weeks of entry of the default judgment indicates that he acted within such a reasonable time.

4

*See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (concluding that the filing of a motion for relief within two weeks of the court's entry of default judgment was sufficiently prompt to meet the first element of the Fourth Circuit's threshold test).

With respect to Defendant's obligation to show a meritorious defense, the Fourth Circuit has stated that a "meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Id.* In his motion, Defendant argues that Plaintiff did, in fact, sign all of the relevant paperwork related to his purchase of the vehicle from Country Motor Sales. Correspondingly, Defendant maintains that, contrary to Plaintiff's allegation, Plaintiff was aware of the applicable interest rates tied to his purchase of the vehicle. Accepting these facts as true, it is impossible for me to say, without further factual development, that Defendant would be incapable of mounting a legitimate defense to Plaintiff's claim that Defendant failed to provide requisite disclosures in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and to Plaintiff's claim that Defendant charged a usurious interest rate in violation of Virginia law. Moreover, Defendant's contention that Plaintiff was trying to "pilfer" the vehicle indicates that, were I to set aside the default judgment, Defendant might very well lodge a counterclaim against Plaintiff. Again, without more, I cannot say, as a matter of law, that Defendant would be incapable of stating a counterclaim against Plaintiff. Therefore, I find that Defendant has satisfied the second aspect of the threshold inquiry for Rule 60(b) motions.

According to the Fourth Circuit, the last element, prejudice to the plaintiff, is of "lesser importance." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993); *see also Compton*, 608 F.2d at 102 ("The court should in every case give some, though not controlling,

consideration to the question whether the party in whose favor the judgment has been entered will be unfairly prejudiced by the vacation of his judgment."). While setting aside the default judgment here would certainly be an unwelcome outcome from Plaintiff's perspective, it cannot be said that it would represent *unfair* prejudice to him. Indeed, every time a court vacates a judgment, an invariable consequence is that a party is prejudiced, but that is "not the type of prejudice contemplated by the rule." *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984). Though setting aside the default judgment here would require Plaintiff to expend time and incur costs in an effort to secure the relief so far obtained, there could be no unfair prejudice in requiring him to prove his case against Defendant (or in obliging him to defend against any counterclaim asserted by Defendant). Finding that Defendant has passed the threshold test, I proceed to an analysis of whether he has demonstrated that he is entitled to have the default judgment vacated pursuant to the grounds set forth in Rule 60(b).

### B. Excusable Neglect

Defendant represents that, after Plaintiff filed the complaint against him, he sought the services of an attorney. Thus, Defendant, who does not dispute that he was personally served with the summons in this matter, admits that he knew of the action pending against him. According to Defendant, the attorney he contacted could not represent him because of a conflict, and so Defendant initially tried to obtain different counsel, but ultimately decided to proceed *pro se*, just as he does for purposes of the instant motion.[5] Thereafter, the previously described settlement negotiations between Defendant and Plaintiff's counsel commenced. Defendant contends that he never received a notice to appear in court in connection with the instant matter.

---

[5] In his motion, Defendant asserts that he did not have sufficient time to retain a lawyer after his initial attempts to obtain representation failed. However, I note that Plaintiff did not move for entry of default judgment until more than six months after the Clerk of the Court entered Defendant's default. Further, I did not enter default judgment against Defendant until more than one year after Plaintiff filed his complaint. Therefore, the record belies Defendant's contention that he had insufficient time to hire a lawyer.

Based on the foregoing representations by Defendant, I will construe his assertions as an argument that he is entitled to have the default judgment set aside pursuant to Rule 60(b)(1), which permits courts to vacate judgments upon a finding of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

I first observe that Defendant does not address the fact that all correspondence from the Court, as well as all communications from Plaintiff's counsel (including a notice of hearing), were mailed to Defendant at the same address where he was personally served with the summons. What is more, that address also happens to be the address for his business and the address that he recently provided to the Court as the address at which he wished to receive future correspondence. Even assuming, *arguendo*, that Defendant did not receive correspondence from the Court or communications from Plaintiff's counsel, that fact neither explains nor excuses his failure to appear, plead, or otherwise defend against this action that he admits he knew was pending against him.

Dilatory conduct and refusal to respond to the allegations in a complaint do not amount to excusable neglect. Indeed, they could not, because neither the Federal Rules of Civil Procedure nor the efficient operation of the courts permit a defendant who has been properly served with a complaint to wait on the sidelines, deigning to engage with the matter only upon its unfavorable resolution. *See Jae-Young Lee v. Tae Shin*, 231 F. App'x 225, 226 (4th Cir. 2007) ("[The defendant]'s actions did not constitute 'excusable neglect' under Rule 60(b)(1) because he knowingly failed to obtain meaningful legal representation, declined to address the claims made against him, and neglected to apprise himself of the developments in the litigation, despite being served with the summons and complaint and receiving correspondence from opposing counsel

7

admonishing him to respond.");[6] *see also Augusta Fiberglass*, 843 F.2d at 811 (discussing excusable neglect in the context where the movant is himself at fault). Ultimately, a determination regarding excusable neglect is equitable in nature. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). Here, after careful review, I find that Defendant has not shown such excusable neglect, or any of the other criteria listed in Rule 60(b), so as to justify the relief he seeks and displace the interests in finality and repose that counterbalance the courts' natural preference for trials on the merits. *See United States v. Moradi*, 673 F.2d 725, 727–28 (4th Cir. 1982).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to set aside default judgment shall be denied.[7] An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to Defendant and all counsel of record.

Entered this 6th day of September, 2012.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[6] As in *Jae-Young Lee*, counsel for Plaintiff warned Defendant that default judgment might be imminent if the matter could not be settled. Specifically, on September 16, 2011, approximately six months before actually moving for default judgment, Plaintiff's counsel emailed Defendant, writing in part: "As you saw from the most recent notice to you, the clerk has noted the default on your part. If settlement is [sic] cannot be reached, I will need to move the court for Default Judgment on [Plaintiff]'s claims."

[7] In the order I entered on August 6, 2012, I stated that, upon the conclusion of the briefing schedule set forth therein, I would decide if a hearing on Defendant's motion was necessary. Ultimately, I find that oral argument is unnecessary, for it would not aid the decisional process. *See* W.D. Va. Civ. R. 11(b) ("In accordance with Federal Rule of Civil Procedure 78(b), the Court may determine a motion without an oral hearing.").