CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
OCT 18 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| MICHAEL J. HUMMEL, *Plaintiff,* | CASE NO. 6:11-cv-00012 |
| v. | MEMORANDUM OPINION |
| DAVID W. HALL, T/A COUNTRY MOTOR SALES *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff Michael J. Hummel's motion for a supplemental award of attorney's fees (docket no. 28). For the reasons that follow, I will grant Plaintiff's motion.

## I. PROCEDURAL HISTORY

On May 2, 2011, Plaintiff filed a complaint, asserting a variety of claims against Defendant David Hall, all of which related to Defendant's sale of a vehicle to Plaintiff. After failing to appear, plead, or otherwise defend against the action, Defendant's default was entered by the Clerk of the Court on August 31, 2011. A certified copy of the Clerk's entry of default was mailed to Defendant. Subsequently, on March 13, 2012, Plaintiff filed a motion for default judgment and mailed a copy to Defendant. Defendant did not respond to the motion, and he did not appear at the hearing I conducted on Plaintiff's motion on May 24, 2012. In a memorandum opinion and order dated June 19, 2012, I granted Plaintiff's motion for default judgment and, along with injunctive relief, awarded Plaintiff damages in the amount of $2,106.44.[1] On July 2,

---

[1] This total damages figure represented the combined sum of Plaintiff's recovery under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and Virginia usury law.

2012, Plaintiff filed a motion for an award of costs and reasonable attorney's fees, which I granted on July 18, 2012.

On July 20, 2012, I issued an order construing a letter sent to the Court by Defendant David Hall in his *pro se* capacity as a motion to set aside default judgment. After submission of briefs by both sides, on September 6, 2012, I denied Defendant's motion to set aside default judgment. On September 14, 2012, Plaintiff filed a motion for a supplemental award of attorney's fees seeking an award of fees for the additional time spent defending against Defendant's motion to set aside default judgment.

## II. LEGAL STANDARD

Under the so-called American rule, the parties to civil litigation ordinarily bear their own attorney's fees and costs, unless there is explicit statutory authority to the contrary. *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 602 (2001). Such an exception is provided for in the Truth in Lending Act ("TILA"), which states that "in the case of any successful action to enforce the foregoing liability," the creditor is liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1640(a)(3). Similarly, Virginia usury law permits a successful plaintiff to recover court costs and reasonable attorney's fees. *See* Va. Code § 6.2-305.

## III. DISCUSSION

Having prevailed on Defendant's Motion to Set Aside Default Judgment, Plaintiff argues that he is entitled to recover reasonable attorney's fees for the additional time spent opposing Defendant's motion. A number of district courts have made supplemental awards of attorney's fees for a variety of types of post-judgment litigation. *See Odnil Music Ltd. v. Katharsis LLC*, No. CIV S-05-0545, 2008 WL 1930301 (E.D. Cal. May 1, 2008) (adopting a magistrate judge's

2

recommendation of a supplemental award of attorney's fees incurred in effecting amendment of a judgment and obtaining injunctive relief); *Miller v. Pilgrim's Pride Corp.*, No. 5:05CV00064, 2008 WL 686761, at *3 (W.D. Va. Mar. 12, 2008) (granting a supplemental award of attorney's fees for defense against a renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b)); *Smith v. Law Offices of Mitchell N. Kay*, 762 F. Supp. 82 (D. Del. 1991) (awarding supplemental attorney's fees incurred defending against a motion for a new trial). Indeed, in certain circumstances, "[f]ees incurred by a prevailing party in an effort to recover reasonable attorney's fees are themselves recoverable if reasonable." *Smith*, 762 F. Supp. at 85; *see also Ganey v. Garrison*, 813 F.2d 650, 652 (4th Cir. 1987). When handling supplemental motions for fees, a "court may award supplemental attorney's fees in the same manner as it awarded attorney's fees in the first instance." *Miller*, 2008 WL 686761, at *1 (citing *McCombs v. Meijer, Inc.*, 395 F.3d 346, 361–62 (6th Cir. 2005)).

Plaintiff was the prevailing party on his underlying TILA claim, which entitled him to receive reasonable attorney's fees pursuant to the statute. Plaintiff also prevailed in his opposition to Defendant's Motion to Set Aside Default Judgment. As a result, I find that Plaintiff is entitled to reasonable attorney's fees incurred in defending against Defendant's post-judgment motion. The only remaining task is to consider the reasonableness of the amount of fees plaintiff has requested—$1,305—and his accounting for such an award.

The United States Court of Appeals for the Fourth Circuit has adopted the lodestar method of determining the reasonableness of attorney's fees. *See Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998). In the Fourth Circuit, the lodestar figure is calculated by multiplying the number of reasonable hours expended by a reasonable rate, which is determined in light of 12 factors. *E.E.O.C. v. Serv. News Co.*, 898 F.2d 958, 965 (4th Cir. 1990). In my earlier opinion

3

granting Plaintiff's original request for attorney's fees, I found that a rate of $290 per hour was a reasonable and prevailing market rate for Plaintiff's attorney in Lynchburg, Virginia. Plaintiff's attorney submitted an affidavit stating that he spent five hours preparing for and responding to Defendant's motion, resulting in a total lodestar figure of $1,450. In an exercise of billing discretion, counsel reduced his request by 10% to account for any excessive or other non-compensable activities, thus ultimately asking for an award of $1,350.

I originally awarded Plaintiff attorney's fees in the amount of $9,786.05 for the underlying TILA claim. In my previous opinion, I noted that the fees awarded were nearly five times greater than the total amount of damages awarded. In explaining why such an award was reasonable, I drew an analogy to the context of constitutional tort litigation, where the Supreme Court "reject[ed] the proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers." *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986). In consumer credit cases, as in civil rights cases, the low monetary value of claims can "discourage vigorous enforcement of consumer protection statutes." *Croy v. E. Hall & Assocs., P.L.L.C.*, No. 5:06-cv-00107, 2007 WL 676698, at *3 (W.D. Va. Mar. 2, 2007). That being said, however, the Supreme Court did recognize in *City of Riverside* that "the amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded" as "one of many factors that a court should consider." 477 U.S. at 574.

In this case, I find that the amount of the previous award combined with the disparity between the amount of damages and the amount of attorney's fees awarded weighs in favor of reducing Plaintiff's lodestar figure, and I find that a reasonable fee for the post-judgment proceedings is $500. Unlike the underlying cause of action, the law regarding whether to set

4

aside a default judgment is clear and straightforward. In addition, any deterrent effect on future violations by this Defendant or others has already been achieved by the original award of fees. Similarly, given that counsel in this case has already received a substantial award of fees that matched his original request, granting the full lodestar amount for the post-judgment work would have little additional effect on the willingness of attorneys to take on such cases. The law does provide that counsel should receive reasonable compensation for his post-judgment work, and I therefore find that $500 provides reasonable compensation without being excessive.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees and costs shall be granted. An order will issue awarding Plaintiff attorney's fees in the amount of $500.00.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record and to Defendant.

It is so ORDERED.

Entered this 18th day of October, 2012.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE